for Appellant Craig Stevenson. I'd like to reserve two minutes of time. May it please the court, I'll be focusing on the Apprendi issues this morning. I want to start by addressing what the concerns of the dissents in both Apprendi and Blakely, and many commentators, were the, OK, so now what? How do these proceedings get conducted? Which I think in the Romero hearing context can be easily answered. If there is evidence of offense-related conduct, charged or uncharged, that the prosecutor anticipates relying on at a Romero hearing in the event of a conviction to prove that the defendant falls within the spirit of three strikes, all he has to do to comply with Apprendi, Blakely, and so on is submit that conduct to the jury via a special verdict form. All this arises in the context of the defendant asking the judge to strike one of the qualifying priors. Correct. He's already eligible for three strikes, really, for a three-strike sentence. Well, that's on the face, on the surface. I mean, right, he qualifies. Based on what, at the end of the trial, he qualified for a three-strike sentence. Well, if there was trying to do was to eliminate that possibility by having the judge exercise his discretion under Romero to strike one of the priors. Well, that's correct. And why does Apprendi, the concept of Apprendi, should apply in that circumstance? Well, the concept of Apprendi should apply in that circumstance because the three strikes. I mean, there's no attempt here to bump him up over the statutory maximum. Well, the statutory. They're trying to get him to go below. No, the statutory maximum is the maximum that Mr. Stevens said. What would you qualify for the three strikes? Well, the statutory maximum that Mr. Stevenson could have been sentenced to is whatever the statutory maximum is for simple drug possession. Now, once he's convicted of that, then you have the separate proceeding. Well, there's no question that he fought about the other prior convictions. Well, it was pled and proven. Right. So, right. And then you have, then you have. There's also no question that Apprendi doesn't apply to prior convictions. No, that's true. But that doesn't. And that's what three strikes is based on. Exactly. Three strikes is, right? It's true. It's prior conviction. It's true that Apprendi does not apply to prior convictions under Alam and Darvas-Torres. I don't know how long that decision is for this world, but it does not apply. It is. That doesn't change the fact that the initial, that the first conviction you look at for Apprendi purposes is the simple conviction of simple possession that the jury found true. And then you, then you have to proceed. Even if we agree with you, then you have the three strikes hearing. And then Apprendi doesn't apply to that because it's all just prior conviction. So you, so you start with the proposition that here's a defendant who's a subject to three strikes. And you want a Romero hearing because you want to reduce that. Right. So the whole purpose of the Romero proceeding is to reduce, you know, the range of sentences to which this person is eligible. And Apprendi doesn't apply to reductions in sentences. Well, I think what we're doing, Apprendi applies once you want to go beyond the initial, what the jury found in the charged conviction. Except for prior convictions. Except for prior convictions. I'm not saying that, we're not saying that the jury had to find his qualifying strikes too. But once you move into that next phase, that Romero phase, which is in every single three strikes case that you're going to see, you're going to have the question of whether or not the defendant is within the spirit of the three strikes initiative. And yes, you are at that point asking the judge to reduce the sentence. But you have already bumped up from that, that first conviction, the qualifying third strike. Now also as a policy matter, Apprendi applies to the Romero proceedings because the Supreme Court is making it very clear through Apprendi, through Blakely. This court's made it clear in Ammaline that right or wrong, whether or not the jury is a more accurate fact finder, which is the Supreme Court's take that it doesn't matter. I think this court took a different view in Ammaline, that accuracy is enhanced by jury fact finding. That there is no justification in light of this whole universe of law that has come down to say, okay, all of a sudden the trial judge can take what the jury did, was required to do by the Sixth Amendment, and throw it out. Which is what went on here. Mr. Stevenson was charged, was not held to answer on a weapons possession charge for being a felon in possession. The jury did not convict him of possessing drugs for sale. The jury did not, because they did not convict him of possessing drugs for sale, they did not find true the fact that he possessed the eight rocks on the coffee table as opposed to just the one rock in his pocket that was the basis for count two. And it's clear that that was the basis for count two, that's on page 106 of the excerpts of record. So for the judge to say, well, I heard the trial, I saw it differently, that does a total violence to the defendant's Sixth Amendment rights as the Supreme Court has construed it in Apprendi. And I don't see any basis in law or policy to allow the judge to do that. And it is not a difficult matter to comply with Apprendi in this situation. All the prosecutor has to do is submit a special verdict with the offense-related, not the prior conviction, the offense-related factors that he wants the jury to find true, that he can rely on at a subsequent Romero hearing. And this is not going to be a very long list, because as a practical matter, anything that's going to be on that list probably will already have been charged in a separate count, like the possession for sale, or like the gun possession, or would perhaps have been charged as an enhancement, the possession of a certain quantity of rocks that often figures into enhancements in drug cases under various guidelines. It's not going to be a very long list. And so then once, in this case, we have no such findings, it is not unreasonable to have the judge say, well, whatever I think doesn't matter. The jury did not convict Mr. Stevenson of possessing drugs for sale. The jury did not convict Mr. Stevenson of possessing the eight rocks on the coffee table as opposed to just the one rock in his pocket. So your argument then is, you know, if a judge considers those matters, right, of which, as you say, defendant wasn't convicted, considers those matters at the Romero hearing. In deciding whether or not to strike a prior. That's an apprendi issue or a Blakely issue. In other words, what that really comes down to then is that the your position must be that the entire Romero hearing has to be before a jury. Well, that was that was not the easy way. Is that not a certified issue? And I'm not sure that that would have to be before a jury. I think there is certainly an argument, a technical argument under Apprendi and under Blakely. That's not what you're saying. What are you saying? I'm focusing on the burden of proof at this point. That when you have a jury, when you have a jury verdict that's come down, Apprendi and Blakely stand for the proposition that sentences cannot be enhanced based on facts other than those found by the jury or admitted by the defendant. And that's exactly what happened in Mr. Stevenson's case here. He was determined to be eligible for three strikes as a result of his conviction in his prior conviction. He was determined to be eligible, but it's it's part and parcel. It's part and parcel. At the end of the trial, at the end of the trial, he was eligible for a three strike sentence. Once he was once he was at the end of the trial. After the jury was discharged and after I think they weighed the finding on the prior convictions, the jury's determination after all that was said and done. He was eligible for a three strike sentence. Well, three strikes litigation looked at practically. Yes. Well, I'm getting I'm getting to it. Three strikes litigation looked at practically and braces is the several statutory schemes meet. There's the original statute where the third strike is charged. There's the three strike statute. And then there is penal code 1385 as construed by the Supreme Court. You don't get to 1385 until he's at least until he's eligible for either, you know, three strikes or a two strike sentence. And you don't get 25 to life until they've gone past 35, 1385. And remember, when the defendant is concluded, determined to be within the spirit of three strikes. Unless the defendant asked to strike or the judge on his his or her own motion decides to strike. Don't have to strike. Well, you don't have to strike. No. And remain eligible for a three strike sentence. So, well, this this this is the context in which this litigation occurs. And I don't think I don't think it is appropriate to ignore the context in which this litigation occurs. That the Romero hearing is as effectively a part of the three strikes litigation as the standard jury waiver of the jury trial on the priors and the rubber stamp by the trial court. I'll tell you, do you want to save a few seconds? Oh, yes, Your Honor. Thanks very much. Let's hear what the government has to say. Deputy Attorney General Marcom for the Warden, and may it please the Court. Petitioner is proposing a dramatic expansion of the right to jury trial. There's no U.S. Supreme Court case that's ever said what he wants it to say. And even if this Court thinks the right to jury trial should extend the way he thinks it should, that can't be the ground for relief in this case. All Apprendi says is other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. But here is this Court is recognized, I believe. The way the three strikes law works is if the defendant is convicted of a felony and he's found to have suffered two prior serious or violent felony convictions, he's subject to 25 to life. By the way, you know whether or not I thought there was, but you know whether or not there's any case out of this circuit that says Apprendi doesn't apply on collateral review retroactively? Well, Apprendi was still pending at the time he filed his direct appeal. No, but I mean, cases since then that have said that. Well, Apprendi was still. Apprendi was issued while his appeal was, his direct appeal was pending. His direct appeal was still pending when Apprendi, when Apprendi issued it, I gotcha. You didn't raise that issue, but I didn't recall you raising it. No, Apprendi applies. Well, you don't have to raise it. I mean, well, it doesn't have to be raised. Well, it's useless to raise it. Apprendi applies here. Anything that came after it doesn't. But it just doesn't work in this context. Right. Blakely doesn't apply anything that came after. Right. Just doesn't fit into this context. Exactly. Apprendi is not, was not intended for this. Exactly. It just doesn't have anything to do with this. I would cite a case in case there's any lingering confusion as to how Section 1385 works in this context. After my brief was filed, the California Supreme Court issued People v. Carmoni. It's 33 Cal 4, 367. Pinpoint cites that offer at pages 375 and 376. We'll have you write it down. We have it on a sheet. Just to make myself clear, there the California Supreme Court stated quite explicitly, the trial court has no obligation to make a ruling under Section 1385 in three strikes cases. Any failure on the part of the defendant to invite the court to dismiss under Section 1385 following Romero waives or forfeits his or her right to raise the issue on appeal. I just want to make clear, holding a Romero hearing is not a prerequisite. That's my understanding. That's correct. With that, unless the court has further questions, I'll submit. Very briefly, Your Honor, I'm not proposing the dramatic expansion. It's the Supreme Court of the United States that has worked with the dissenters and the commentators view was a dramatic expansion of the right to jury trial. And its sanctification in many cases. I do want to touch briefly on prejudice, which I didn't get a chance to. It's very clear that the court gave extreme weight to not just his prior poor performance on parole and so on, but the nature of the instant offense. When it's said, it's clear to me that this case doesn't just involve possession of just one rock. The court was sympathetic to the addiction, Mr. Stevenson's addiction problem. But it viewed in this case with the drug possession, or rather the possessing for sale, the weapons possession. It clearly viewed this matter as a case where Mr. Stevenson was not just harming himself. He was harming others or had the potential to do so. And however accurate that might have been, or logical on the record, under Apprendi, he just was not entitled to do that. Okay. Thank you, Your Honor. We'll come to the final matter. And that is Blanks versus Garcia. Well, let me, just for the record, Deborah E. Benton and John Ashcroft, that case has been dismissed.
judges: Pregerson, Tashima, Paez